UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTWANE CLEMMONS<br>11103 Glenboro Drive<br>Cleveland, Ohio 44105<br><br>on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DEACON 10, LLC d/b/a PREMIER PROTECTIVE SERVICES<br>c/o Statutory Agent Neal Alexander<br>1353 East 260th Street<br>Euclid, Ohio 44132<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Antwane Clemmons, by and through undersigned counsel, and for his Complaint against Defendant Deacon 10, LLC d/b/a Premier Protective Services ("Defendant"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, the applicable minimum wage for all of the hours they worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains a physical presence in Cleveland, Ohio, conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all relevant times herein, Defendant Deacon 10, was a limited liability company, organized and existing under the laws of the State of Ohio, doing business under the registered trade name "Premier Protective Services".

8. At all times relevant herein, Defendant maintained a physical presence at 153 East 260th Street, Euclid, Ohio 44132.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant provides security services to its customers.

15. Defendant employed Plaintiff as a security guard between June 2018 and December 2018 and as a supervisor between December 2018 and April 2019.

16. Defendant employed Plaintiff and other similarly situated employees as security guards.

17. Defendant paid Plaintiff and other similarly situated employees an hourly wage.

18. Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

### (Failure to Pay Minimum Wage)

19. Plaintiff and other similarly situated employees were frequently paid less than the applicable minimum wage for all of the hours they worked each workweek.

20. Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked, which resulted in Plaintiff and other similarly situated employees being paid less than the applicable minimum wage for all of the hours they worked each workweek.

21. Plaintiff Clemmons estimates that Defendant did not pay him for over 100 hours that he worked during his employment.

**(Failure to Pay Overtime Compensation)**

22. Plaintiff and other similarly situated employees frequently worked more than 40 hours per week, but Defendant failed to pay them overtime compensation at the rate of one and one-half their regular rate for the hours they worked over 40 each workweek.

23. Plaintiff Clemmons estimates that he worked on average 40-60 hours per week for Defendant during his employment.

**(Failure to Keep Accurate Records)**

24. Upon information and belief, Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff and other similarly situated employees.

**(Defendant Willfully Violated the FLSA and OMFWSA)**

25. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

27. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current security guards employed by Deacon 10, LLC d/b/a Premier Protective Services at any time between October 30, 2016 and the present.

28. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

4

29. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

30. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and security guards employed by Deacon 10, LLC d/b/a
> Premier Protective Services in the State of Ohio at any time
> between October 30, 2016 and the present.

32. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

33. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

    (a) whether Defendant failed to pay overtime compensation to its employees for hours worked in excess of 40 each workweek;

    (b) whether Defendant failed to pay the applicable minimum wage

    to its employees for all hours worked; and

    (c) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. §§ 4111.03 and 4111.10.

34.  The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims rise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

35.  The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. His interest is not antagonistic to, but rather is in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

36.  The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

40. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees the applicable minimum wage for all of the hours they worked each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

41. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

42. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

43. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code § 4111.03)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated customer service representatives overtime compensation at a rate of one and one-half times their

regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. § 4111.03.

46. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees the applicable minimum wage for all of the hours they worked each workweek violated OMFWSA, R.C. § 4111.14.

47. By failing to pay Plaintiff and other similarly situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

48. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class under the FLSA;

D. Award Plaintiff and class he represents pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

F.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Blvd.
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Lori M. Griffin
One of the Attorneys for Plaintiff