UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTWANE CLEMMONS, *individually and on behalf of all others similarly situated*, | ) ) ) ) | Case No.: 1:19 CV 2549 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) ) | |
| DEACON 10, LLC d/b/a PREMIER PROTECTIVE SERVICES, | ) ) ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Plaintiff Antwane Clemmons's Motion for Attorney Fees and Costs ("Motion") (ECF No. 64). For the reasons that follow, the court grants the Motion.

**I. BACKGROUND**

On October 30, 2019, Plaintiff filed a collective action against Defendant Deacon 10, LLC, d/b/a Premier Protective Services. Plaintiff was a former employee of Defendant's and, along with other similarly-situated employees, alleged that Defendant had violated the Fair Labor Standards Act ("FLSA") by failing to pay its hourly, non-exempt employees the applicable minimum wage and required overtime compensation. Plaintiff also brought a class action under Federal Rule of Civil Procedure 23, alleging violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

The court rendered judgment on behalf of Plaintiff on June 23, 2023. (Judgment, ECF No. 62.) The court ordered Defendant to pay total damages in the amount of $13,813.19, and stated

that it would determine and render judgment on attorney's fees and costs after briefing on the issue. (*Id.*) Plaintiff has since filed the pending Motion. Defendant filed an opposition brief (ECF No. 66), and Plaintiff filed a reply brief (ECF No. 67). The matter is now ripe for adjudication.

## II. LEGAL STANDARD

Section 216 of the FLSA addresses penalties for violation of the Act. In addition to any judgment awarded to the plaintiff, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b). Accordingly, awarding a reasonable fee to a prevailing plaintiff is mandatory under the FLSA. *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). The issue, then, is not *whether* to award attorney's fees, but whether the fees and expenses put forth by Plaintiff are *reasonable*.

## III. LAW AND ANALYSIS

### A. Method for Calculating Reasonable Attorneys' Fees

Plaintiff and Defendant point to two different methods of calculating reasonable attorneys' fees. Plaintiff argues for the lodestar method, while Defendant requests the "percentage-of-the-fund" calculation. The court must "provide a clear statement of the reasoning used in adopting a particular methodology and the factors considered in arriving at the fee." *Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 516–17 (6th Cir. 1993).

The court has discretion to select one of these two methods. *Carr v. Bob Evans Farms, Inc.*, 2018 WL 7508650, at *3 (N.D. Ohio July 27, 2018). However, the Sixth Circuit prefers the use of the lodestar method in FLSA cases. *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 617 (6th Cir. 2021); *see also Smyers v. Ohio Mulch Supply Inc.*, 2021 WL 2774665, at *2 (N.D. Ohio July 1, 2021). That is because the percentage-of-the-fund method imposes a

proportionality limit on recoverable attorneys' fees, which is not supported by the text or the purpose of the FLSA. *Rembert*, 986 F.3d at 617. The purpose of the FLSA's mandatory award of reasonable attorneys' fees is to "insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs," who otherwise may not be able to vindicate their "congressionally identified … rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The monetary value of FLSA claims may be too small to support the costs of litigating them, thus discouraging plaintiffs from filing claims. *Rembert*, 986 F.3d at 617.

Here, the damages total $13,813.19. Were the court to opt for the percentage-of-the-fund method, it would be unlikely to adequately compensate Plaintiff's attorneys, who have invested substantial work on the case for over four years. (Mot. at PageID #476–537.) The lodestar method thus better accounts for the amount of work done by the attorneys. *See Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 516–17 (6th Cir. 1993). Because the purpose of the FLSA's mandatory award of reasonable attorney fees is to provide plaintiffs with effective representation, irrespective of the damages they obtain, the court declines to use the percentage-of-the-fund method and instead chooses the lodestar method.

In applying the lodestar method, the court determines counsel's reasonable hourly rates and the number of hours counsel "reasonably expended" on the case. *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013). Here, Plaintiff seeks $115,021.25 based on the hourly rates of the three attorneys assigned to this case multiplied by the number of hours they worked to arrive at $115,021.25. (Mot. at PageID #454.) The court has discretion to approve this amount or to revise it upward or downward. *Rembert*, 986 F.3d at 617. However, it must provide "a concise but clear explanation of its reasons for the fee award." *Waldo*, 726 F.3d at 822.

In deciding whether to adjust the lodestar requested, the court considers six factors: (1) the value of the benefit rendered to the Plaintiff and the class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingency-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of the counsel involved on both sides. *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). The court will address these factors in its reasonableness analysis below.

### B. Reasonableness of Plaintiff's Fees

In determining the reasonableness of attorneys' fees using the lodestar method, the court assesses the reasonableness of both the attorneys' hourly rates and the number of hours worked. *Waldo*, 726 F.3d at 821. A fee is reasonable when it is "adequately compensatory to attract competent counsel yet … avoids producing a windfall for lawyers." *Geier v. Sundquist*, F.3d 784, 791 (6th Cir. 2004).

#### 1. Hourly Rates

Three different attorneys from the Lazzaro Law Firm, LLC participated in Plaintiff's case: Chastity Christy, Lori Griffin, and Matthew Grimsley.

##### a. Chastity Christy

Ms. Christy set forth her qualifications in a Declaration to the Court on August 15, 2023. She worked on Plaintiff's case from its inception in 2019, engaging in correspondence, evaluating claims, and preparing for trial. (Mot. at PageID #462.) Ms. Christy has been licensed to practice law since 2003, and has primarily litigated on behalf of employees in employment-related matters. (*Id.* at PageID #457.) Throughout the course of the litigation, Ms. Christy's compensation

increased from $450/hour in 2019–2020, to $475/hour in 2021–2022, to $500/hour in 2023. (*Id.* at PageID #464.)

A fee is reasonable, adequately compensatory, and avoids a windfall when it is based on prevailing market rates; in other words, it should reflect what a lawyer of comparable skill and experience would reasonably expect to earn. *Geier*, F.3d at 791. In 2020, another district court in this circuit validated Ms. Christy's hourly rate of $450. *Rosenbohm v. Cellco Partnership, d/b/a Verizon Wireless*, 2020 WL 8673116 (S.D. Ohio Sept. 8, 2020). Furthermore, attorneys' fees ranging from $400–$500 were upheld in another FLSA wage-litigation case, with the court finding that counsels' fees aligned with the prevailing market rates. *McKnight v. Erico Int'l Corp.*, 655 F.Supp.3d 645, 666 (N.D. Ohio 2023) (citing *Gresky v. Checker Notions Co. Inc.*, 2022 WL 3700739 at *8 (N.D. Ohio Aug. 26, 2022).)

Defendant cites *Gilbo v. Agment LLC* to argue that the attorneys' rates are excessive and out of alignment with the market rate. 2020 WL 6826369, at *1–2 (N.D. Ohio Nov. 20, 2020). However, *Gilbo* is distinguishable from the present case. There, the court adjusted the attorneys' fees downward because the case had only two plaintiffs and was a "more straightforward FLSA claim." *Id.* at *1. Here, 106 persons opted into the case, with 65 Plaintiffs ultimately claiming damages. (Mot. at PageID #444.) Moreover, Plaintiff's attorneys' rates have been upheld in multiple district court rulings. Accordingly, using the reasonableness factors above, Ms. Christy's skill and standing as the most experienced attorney on the case, combined with the fact that the case was not a simple one, indicates that Ms. Christy's fees were based on prevailing market rates and are thus reasonable.

     b.  Lori Griffin

Attorney Lori Griffin also provided a Declaration to the Court on August 15, 2023. Her primary role was to provide calculations and analyses of damages, and she was involved in the case since its inception. (*Id.* at PageID #527–28.) Ms. Griffin has been licensed to practice law since 2009, and since being employed with The Lazzaro Law Firm, she has calculated damages in FLSA collective and class actions on a near daily basis. (*Id.* at PageID #482–83) Throughout the course of the litigation, Ms. Griffin's compensation increased from $350/hour in 2019–2021, to $475/hour in 2022–2023. (*Id.* at PageID #486)

To satisfy the reasonableness standard, Ms. Griffin indicates that courts have approved her $475/hour rate in the past. (*Id.*) *See Charles Simmons v. Henkel US Operations Corporation*, Northern District of Ohio, Eastern Division, Case No. 1:21-cv-2358; *Scaggs v. Incept Corporation*, Northern District of Ohio, Eastern Division Case No. 5:21-cv-001285; *Conner v. Trubridge, Inc.*, Northern District of Ohio, Eastern Division, Case No. 5:21-cv-00562.

Defendant again claims that Ms. Griffin's rates are excessive. However, the Northern District of Ohio has previously upheld Ms. Griffin's $475/hour fee. Because of this, as well as the fact that this is not a simple case, the court finds that her hourly rate is reasonable.

        c.        Matthew Grimsley

Mr. Grimsley, the third and final attorney on the case, set forth his qualifications in a Declaration to the Court on August 15, 2023. Unlike his colleagues, Mr. Grimsley began working on this case in March of 2023. (Mot. at PageID #529–32.) He has been licensed to practice law since 2015, and since then, he has worked at law firms focused primarily on representing employees in employment-related matters. (*Id.*) Mr. Grimsley's hourly rate for his efforts on this case was $450/hour. (*Id.*)

Defendant argues that Mr. Grimsley's hourly rate is unreasonable based on his eight years of experience. However, Mr. Grimsley, like his co-counsel, can point to FLSA collective actions in which the Northern District of Ohio approved his $450/hour rate. *See Gordon v. Ohio Security Sys., Inc.*, Northern District of Ohio, Eastern Division Case No. 1:21-cv-01956; *Scaggs v. Incept Corp.*, Northern District of Ohio, Eastern Division Case No. 5:21-cv-01285. Because Mr. Grimsley's hourly rate has been upheld in the past, and based on his skill and standing in employment law, his hourly rate is reasonable.

    2. *Hours Worked*

Defendant argues that: (1) Plaintiff's attorneys' hours would have been fewer had they revised their unpaid-wages and damages calculations earlier in the litigation; and (2) Plaintiff's claimed damages are too low to support attorneys' requested fees.

    a. Reasonableness of Hours Worked

While the court finds that Plaintiff's counsel have offered ample support for their hourly rates and have accurately recorded their time, the court nevertheless finds that the number of hours for which they seek compensation is not reasonable in light of the facts and circumstances of the case. As discussed hereafter, a very substantial portion of the hours for which Plaintiff's counsel seek reimbursement took place after the Final Pretrial Conference on March 13, 2023. The parties unsuccessfully engaged in mediation before the Magistrate Judge on May 17, 2022. At the Final Pretrial Conference, the parties were, to say the least, miles apart with Plaintiff indicating a total of $1.5 million was owed in damages and Defendant indicating that nothing was owed. It was only at that Conference, when the court sought to have the parties stipulate to the use of a summary pursuant to Federal Rule of Evidence 1006 to prove the content of the voluminous employee pay records

provided by Defendant, did the court begin to gain some insight into the nature of the problem. Defense counsel would not stipulate. Though adamant that nothing was owed, he would not indicate why a stipulation was not warranted or provide the basis on which he had concluded that Defendant's damage calculations were so out of line. On April 3, 2023, Plaintiff's counsel moved for a three-week continuance of the trial date (ECF No. 47), indicating that they had received new information from Defendant's counsel which would affect their damage calculations. Defendant's counsel filed an opposition to the Motion (ECF No. 49), stating that it had not provided any new information and that it was Plaintiff's faulty calculations that served as the true basis for the requested extension. Defense counsel indicated that during the prior week, he spent numerous hours reviewing Plaintiff's information regarding unclaimed wages and overtime and determined for the first time how Plaintiff's counsel erroneously calculated damages. He stated, "[the plaintiff's spreadsheet falsely claimed that the plaintiffs were to be paid on the last day of the pay period for the two weeks prior to the pay period. However, like almost every single employee in the United States, Plaintiffs were paid and given their paycheck a week after the pay period ended" (ECF No. 49-2). Counsel for Defendant had also filed a Motion in Limine on the same day that Plaintiff filed its motion for a continuance, regarding this same pay period data and how it should be interpreted. The court held a status conference with the parties on April 5, 2023 (ECF No. 50), regarding the motion for a Continuance and the Motion in Limine (ECF No. 48) where the parties discussed the need for the Plaintiff to recalculate damages based on a misunderstanding of Defendant's payroll policies. Thereafter, the court granted the Motion for a continuance and denied the Motion in Limine as moot. The court set another status conference for May 3, 2023, and a trial date for June 14, 2023 (ECF No. 50). At the May 3, 2023 status conference, Plaintiff's counsel indicated that they had made

new damage calculations. Defendant's counsel indicated he was still reviewing the calculations, but had pointed out some errors in them. The court established time frames by which the Defendant should complete its review, and Plaintiff should provide an updated calculation with an explanation. The parties were to report to the court by May 26, 2023, whether they had settled the case or whether they wished to engage the court in facilitating further settlement discussions. *Id*. The parties did seek the aid of the court in engaging in further discussions (ECF No. 52). That settlement conference occurred on June 7, 2023 (ECF No. 60), at which the parties settled the case. Counsel for the parties, in their arguments before and submissions to the court, blamed each other as to why the case was not resolved earlier. If it had been, it would have saved resources on both sides. The court finds there is blame to be shared. While Plaintiff points in part to discovery- related issues, they occurred early in the case and were handled by the court. (ECF No. 39). There was no follow-up motion afterwards. Whether, as Plaintiff suggests, the fault was Defendant's for not providing pertinent information about its pay records earlier, or Plaintiff's for not understanding the information provided, there should have been some engagement by counsel regarding the calculations much earlier than it occurred. It is true that defense counsel kept reiterating that nothing was owed, without explanation. But, it also appears no discovery took place between the mediation conference, where the parties failed to reach agreement and the setting of the April 7, 2023 jury trial, on February 10, 2023. No request to extend discovery was made, and it appears that no Rule 30(b)(6) deposition was taken for this purpose. It seems clear that the parties' failure to truly engage, formally or informally, regarding what the records showed until the setting of trial and the court's strong urging at the Final Pretrial Conference that they do so, prevented them from determining why their valuations were so far apart.

b. Proportionality of Fees to Claimed Damages

Defendant's second argument contesting the fees' reasonableness is that the fees requested are not proportional to Plaintiff's claimed damages. To recap, the factors governing the reasonableness of attorneys' fees include the value of the benefit rendered to the plaintiff class, whether the services were undertaken on a contingency-fee basis, and the complexity of the litigation. *Moulton*, F.3d at 352. As previously noted, attorneys working on a class action must be fairly compensated, because otherwise, they would be unlikely to undertake the risk of litigatius when the reward for plaintiffs is neither guaranteed nor likely to be large. *Gresky*, 2022 WL 32700739 at *7. Of course, "wage and hourly class and collective actions … are inherently complex," *id.* at *5, and it is presumed that the complexity of the issues is fully reflected in the number of billable hours recorded by counsel. *Blum v. Stenson*, 465 U.S. 886 (1984). Thus, the number of hours billed by Plaintiff's attorneys is presumed to reflect the intricacies of their case.

Furthermore, once a district court finds the attorneys' hourly rate and number of hours worked to be reasonable, the Sixth Circuit typically upholds the requested attorneys' fees, even where a plaintiff recovered only nominal damages. *Fegley*, 19 F.3d at 1134–35 (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502–03 (6th Cir. 1984) and *Posner v. The Showroom, Inc.*, 762 F.2d 1010 (6th Cir. 1985)). Here, Plaintiff's attorneys' requested fees are $115,021.25, and the judgment awarded $13,813.19 to Plaintiffs. As Plaintiffs' assert, district courts within the Sixth Circuit have repeatedly upheld attorneys' fees with a similar ratio to the damages awarded here. *See Funk v. Airstream, Inc.*, 2019 WL 4599816, at *8 (S.D. Ohio Sept. 23, 2019) ($171,663.01 awarded in fees and costs after class was awarded only $21,338.00 in damages); *West v. Emeritus*

*Corp.*, 2017 WL 2880394, at *1 (M.D. Tenn. July 5, 2017) ($8,993.69 as wages to single plaintiff and $46,006.31 as plaintiff's attorney's fees and costs); *Macklin v. Delta Metals Co., Inc.*, 2011 WL 13070420 (W.D. Tenn. July 6, 2011) (approving fee award of $48,802.02 even though single plaintiff's recovery was only $300.15); *Abdelkhaleqv v. Precision Door of Akron*, 2010 WL 395236, at *7 (N.D. Ohio Jan, 25, 2010) ($3,948.96 in damages to single plaintiff and $30,470.10 in attorneys' fees). The court finds these cases persuasive and thus declines to reduce the attorneys' fees based on the amount of Plaintiff's recovery.

        c. Fees to be Awarded

Having determined that the total number of hours expended by Plaintiff's counsel were not reasonable, the court further finds that their hours should be reduced to an amount equivalent to 70% of the amount they seek in fees. It is true that Defense Counsel might have been more forthcoming regarding his expressed view that nothing was owed. However, had Plaintiff's counsel been more diligent, they would have expended significantly less time.

The count finds there should be no further reduction based on the amount of Plaintiff's recovery.

The court hereby orders that Plaintiff's requested fees be reduced from $115,021.25 to $80,514.88.

    **C.**     **Plaintiff's Expenses**

In addition to recovering attorneys' fees, prevailing attorneys in FLSA class actions are entitled to reimbursement for "reasonable and necessary" expenses. *McKnight c. Erico Int'l Corp.*, 2023 WL 2003276, at *14 (N.D. Ohio Feb. 8, 2023). Plaintiff's attorneys have requested $6,084.55 in expenses. Because Defendant has not disputed these expenses, and the court finds these expenses

-11-

reasonable and necessary, and thus reimbursable. The court awards Plaintiff's attorneys the total requested expenses of $6,084.55.

## IV. CONCLUSION

For the foregoing reasons, the court grants Plaintiff Antwane Clemmons's Motion for Attorney Fees and Costs (ECF No. 64), in the amounts of $80,514.88 and $6,084.55, respectively..

IT IS SO ORDERED.

                                               */s/ SOLOMON OLIVER, JR.*
                                               UNITED STATES DISTRICT JUDGE

March 22, 2024